The evidence without dispute fully established the corpus delicti for it was disclosed thereby that the three officers who testified for the State located the still in question. It was at that time in full operation and whiskey was being made and running from the still, and four gallons in a tub already made. This appellant was present at the still, and the tendency of the State's evidence was to the effect he was working at and around the still; punched up the fire in the furnace; poured water in the flake stand and ran trying to escape when the officers' presence nearby was discovered. He was captured, however, and thereupon arrested. One other person was with defendant at the still. The defendant's witness, one Grady Headley, testified that this appellant was in no manner interested in the still, nor was he working around and about it as testified to by the State's witnesses. In order to sustain the insistence of the defendant by putting the trial court to error for having overruled and denied the motion for a new trial, it would require of this court to substitute itself for the trial judge and jury who tried this case. This, of course, we cannot do. The evidence was in conflict, as stated. In our opinion it was sufficient to be submitted to the jury for determination and the action of the court in so doing, and in overruling and denying the motion for a new trial, was without error.

Affirmed.

Horne & Hodnett, of Atmore, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of assault with intent to murder, and his punishment fixed at imprisonment in the penitentiary for the term of fifteen years. Code 1940, Tit. 14, § 38.

The appeal is on the record proper, without bill of exceptions. The record seems regular, in all respects.

Nothing is apparent demanding discussion, and the judgment is affirmed.

Affirmed.

16 So.2d 697

### REEVES v. STATE.

### 4 Div. 802.

Court of Appeals of Alabama.

June 22, 1943.

Rehearing Denied June 30, 1943.

14 So.2d 258

### THAMES v. STATE.

### 3 Div. 854.

Court of Appeals of Alabama.

June 22, 1943.

